# THE WEITZ LAW FIRM, P.A.

Bank of America Building  
18305 Biscayne Blvd., Suite 214  
Aventura, Florida 33160  
Main:  305-949-7777  
Fax:    305-704-3877

July 21, 2023

Dennis Drebsky, Esq., Mediator
**Via Email: drebsky2001@yahoo.com**

<b><u>CONFIDENTIAL MEDIATION STATEMENT</u></b>

  **Re:** **Vuppala v. Land of Buddha, Inc., et al.-**
     **Case 1:22-cv-09044-MKV**

Dear Mediator Drebsky:

  This confidential Mediation Statement is submitted by Plaintiff's counsel pursuant to the Mediation Referral Order [D.E. 18] of Judge Mary Kay Vyskocil, dated May 31, 2023, referring this matter to the Southern District Mediation Program.

  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). At the time of Plaintiff's visit to Defendants' premises, Land of Buddha, located at 128 MacDougal Street, New York, New York, prior to instituting the instant action, Kiran Vuppala (hereinafter referred to as "Plaintiff"), suffers from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, as he is a paraplegic and uses a wheelchair for mobility. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

  The subject facility is located in the City and County of New York. The subject facility contains at least the following nine (9) numerous violations of the ADA and the ADA Accessibility Guidelines (the "ADAAG") regarding architectural barriers.

  The Plaintiff asserts that the legal basis for this action is that the Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

  The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific nine (9) numerous violations:

  (i)  Failure to provide an accessible entrance, due to multiple steps at the interior of the entrance, without an ADA-compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

  (ii)  Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

  (iii)  The sales counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter, which is a minimum of 36 inches (915 mm) in length, shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

  (iv)  Various items of merchandise for sale, located on high shelves, are at inaccessible heights and reach ranges, in violation of 28 C.F.R. Part 36, Section 4.2.

  (v)  Various items of hanging merchandise for sale, are at inaccessible heights and reach ranges, in violation of 28 C.F.R. Part 36, Section 4.2.

  (vi)  Various items of merchandise for sale, located on high displays, are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.2.

  (vii)  Failure to securely attach the carpet to the floor in the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.5.3.

  (viii)  Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

  (ix)  Failure to provide signage, in the Subject Facility, addressing people with disabilities, telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

  Furthermore, upon information and belief, there are other violations of the ADA and the ADAAG at the subject property, which can only be identified once a full Rule 34 inspection is completed. It is Plaintiff's contention that all of the above-stated violations should and can be corrected at a reasonable cost to the Defendants, and are readily achievable and technically feasible, including a <u>permanent</u> ramp similar to nearby stores in the same Greenwich Village area at 192 Bleecker Street (Posh Pop), 312 Bleecker Street (SEE Eyewear), 351 Bleecker Street (Faherty), 63 W. Third Street (Spicy Moon), and 240 Sullivan Street (Finest Deli).

  As Plaintiff's counsel, we have evaluated the global settlement value of the case to be $32,500*, including significant legal fees of this firm and customary rates as confirmed by this Court in several similar ADA cases (*see* the attached *Kreisler* case counseled by undersigned counsel, as well as a recent SDNY decision awarding myself a $575 hourly rate), Plaintiff's compensatory and punitive damages claims, past travel time & expenses in this case (*including additional significant attorney time for the upcoming mediation). The value of this case is also

based on the settlements in many other similar cases in the Southern District that have been handled and settled by this firm.

Sincerely,

By: S/ B. Bradley Weitz
    B. Bradley Weitz, Esq. (BW 9365)
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone:  (305) 949-7777
    Facsimile:   (305) 704-3877
    Email:  BBW@weitzfirm.com