**MEMO ENDORSED**



Ian E. Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

**spirelawfirm.com**

**Via Electronic Filing**                                                                 **March 14, 2024**

The Honorable Judge Jessica G.L. Clarke
United States Courthouse
500 Pearl St. Courtroom 20C
New York, NY 10007-1312

      **Re.:** *Vuppala v. Land of Buddha, Inc. et al*[1]
      **Case No: 1:22-cv-09044**

Dear Judge Clarke:

      On behalf of Defendant Land of Buddha, Inc., I submit this letter (1) to respond to Plaintiff's motion to reopen, [Doc. 41]; and (2) to seek an adjournment of the case management conference on March 20, 2024. Alternatively, should the Court proceed with the case management conference as scheduled, Defendant respectfully requests the Court conduct the hearing remotely.

      **1. Defendant Objects To Reopening The Matter, Intends To Move To Enforce The Parties' Settlement, And, If Required, Intends To Move To Dismiss The Case Based On Plaintiff's Lacking Of Article III Standing.**

      In support of his request to reopen, after stating that "the settlement has not yet been consummated," Plaintiff alleged that "Defendants are not cooperating." [Doc. 41.] Land of Buddha disagrees with Plaintiff's allegation for at least two reasons. First, there are not multiple defendants in this case. While Plaintiff has alleged claims against two separate defendants, only a single defendant (Land of Buddha, Inc.) has appeared. Assuming this was not simply a typographical error, it is disingenuous at best that Plaintiff could describe both defendants as uncooperative because he has been unable to obtain the appearance of one of the defendants.

      Moreover, Plaintiff cannot state that Land of Buddha has failed to cooperate. Since December 8, 2023, counsel for Land of Buddha has exchanged with Plaintiff a proposed settlement agreement, including an agreement signed by Land of Buddha, on at least 10 separate occasions, most recently on February 29, 2024. Since January 5, 2024, Defendant is aware of only a single response from Plaintiff on March 5, 2024, when

---

[1] This letter amends my letter to the Court, (Doc.43), to include the reasons for Plaintiff's objection to the relief Defendant requests herein.

counsel advised that Plaintiff was no longer willing to agree to the terms of the settlement reached at mediation.

As a result of the above, Defendant intends to move to enforce the settlement the parties reached at mediation. Land of Buddha has complied with the agreement it reached with Plaintiff. To date, Plaintiff has articulated no legitimate reason to reopen the matter or to abandon the mediated settlement he reached with Land of Buddha.

Finally, Plaintiff lacks standing to pursue his claims against Land of Buddha in this Court. Since August 8, 2023, Plaintiff has known that Land of Buddha vacated the subject location in April 2023 and is therefore not subject to liability under the Americans with Disabilities Act. *Dunbar v. Empire Szechuan Noodle House Inc.*, Civil Action No.: 18-cv-9625 (S.D.N.Y. May. 5, 2020) (dismissing Plaintiff's claims under the ADA as moot against the defendant tenant who had vacated the subject property).

## 2. Defendant Requests the Court Adjourn The Hearing of March 20, 2024 or Alternatively Authorize Defendant to Appear Remotely.

Defendant requests the Court adjourn the hearing for March 20, 2024. Defendant makes this request to adjourn because undersigned counsel is scheduled to appear at a deposition in Syracuse, New York on the same day in a different matter.

Alternatively, should the Court order the conference to proceed as scheduled, Defendant requests approval to appear remotely for the foregoing reasons and because Defendant's counsel regularly resides in Atlanta, Georgia.

This is the first time this relief is being requested. Counsel for Plaintiff objects to the relief requested herein based on the following reasons:

> The Court had ordered this in-person Conference almost a week ago, and I have already made my non-refundable flight arrangements to attend the scheduled March 20 in-person Conference accordingly. Therefore, absent a compelling reason (a deposition can be rescheduled and does not take precedence over a Court-ordered Conference), I do not consent to your last-minute adjournment request below and state that the Court hearing should proceed as scheduled. Further, if I am able to fly

Case 1:22-cv-09044-JGLC   Document 45   Filed 03/15/24   Page 3 of 3



Page **3** of **4**

from Florida to attend the in-person Conference as was Court-ordered, I believe that you should attempt do likewise.

Email of B. Bradley Weitz of March 14, 2024 to Ian Smith.

We thank the Court for its attention and consideration of this matter.

Respectfully,

Ian E. Smith, Esq.
Partner, Spire Law, LLC

Based on the inconvenience to the Court and counsel for Plaintiff that adjourning this conference would cause, the Court DENIES counsel for Defendant's request. The conference will be held in person on March 20, 2024.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: March 15, 2024
      New York, New York