**MEMO ENDORSED**



Ian E. Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

**spirelawfirm.com**

<u>Via ECF</u>        April 4, 2024

The Honorable Judge Jessica G.L. Clarke
United States Courthouse
500 Pearl St. Courtroom 20C
New York, NY 10007-1312

**Re.:** *Vuppala v. Land of Buddha, Inc. et al*
**Case No: 1:22-cv-09044**

**Request for Pre-Motion Conference re: Motion to Stay Discovery Pending Motion to Dismiss**

Dear Judge Clarke:

In accordance with Rules 4(a) and (k) of the Court's *Individual Rules and Practices in Civil Case*s and Local Rule 37.2 (S.D.NY), Defendant Land of Buddha, Inc. hereby moves the Court for a pre-motion conference seeking an order to stay discovery in this case pending Defendant's Motion to Dismiss, (Dkt. No. 57.) The Parties conferred on April 4, 2024 and jointly submit this letter.

Rule 26(c) of the Federal Rules of Civil Procedure grants a court broad authority to control discovery, including issuing a stay of discovery for good cause. *See Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-3380 (LAK)(JLC), 2023 U.S. Dist. LEXIS 185775, at *2, 4 (S.D.N.Y. Oct. 17, 2023) (granting motion to stay until resolution of motion to dismiss). "While a motion to dismiss does not automatically stay discovery, 'in some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery.'" *Id*., at *2-3. "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Id*., at *3. "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.*

Here, Land of Buddha, Inc. requests the Court schedule a pre-motion conference in connection with its anticipated motion to stay discovery. In its motion to stay discovery—should the Court require a separate motion, Land of Buddha intends to show (1) that its motion to dismiss Plaintiff's Amended Complaint demonstrates a strong showing that Plaintiff's claims are without merit, (2) that Land of Buddha would face a substantial burden in responding to discovery, and (3) because Land of Buddha, Inc. is the only Defendant who has appeared in this



case, Plaintiff would not be prejudiced by a stay of discovery pending the Court's ruling on its Motion to Dismiss.

Plaintiff objects as follows:

"We strongly oppose this Motion and intend to fully brief this issue and file a formal response, if the Court deems it necessary. As discussed at the March 20th Court Conference, it is our position that the likelihood of Defendant being fully dismissed from this matter is highly unlikely, especially since the act of discrimination (injury-in-fact) occurred while the Defendant operated the Subject Facility coupled with the fact that the Complaint has recently been amended [D.E. 49], and any stay would cause unnecessary undue delay (while the Subject Facility is still inaccessible and discriminating against disabled persons) and unfairly prejudice the Plaintiff in timely prosecuting his case. Further, well prior to the filing of this Motion, Defendant's counsel Ian Smith (who refuses to further mediate this matter) has been consistently avoiding responding to our discovery requests as follows. For instance, over the past couple weeks (and well prior to filing of this Motion), Plaintiff's counsel had attempted to confer in writing on numerous separate occasions with Mr. Smith, on at least five (5) separate occasions in writing (copies of said multiple email requests can be filed with the Court upon request), to obtain convenient depositions dates for the Defendant's Corporate Representative and Manager during either the month March or April, but Defendant's counsel had inexplicably continuously ignored said deposition requests (until it was subsequently unilaterally noticed) and, to date, has not provide any available deposition dates. Similarly, our written Interrogatories & Production Requests propounded on 3/22/24 were not even acknowledged by Defendant's counsel until almost a week later on 3/27/24. Therefore, the deposition notices were subsequently unilaterally noticed for April 12, due to Defendant's counsel's surprising lack of cooperation and/or apparent initial attempt to evade discovery. Further, Defendants crucial response to Plaintiff's propounded Interrogatories and Production Requests (served on 3/22/24) are currently due on April 20."



Page **3** of **4**

We thank the Court for its attention and consideration of this matter.

Respectfully,

Ian E. Smith, Esq.
Partner, Spire Law, LLC

Because of the likelihood that at least a portion of Plaintiff's claim will survive Defendant's motion to dismiss, potential prejudice to Plaintiff, and Defendant Land of Buddha, Inc.'s failure to show harm, the motion for a stay of discovery is DENIED. The case management plan remains in effect. ECF No. 51.

The Clerk of Court is directed to terminate ECF No. 58.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: April 8, 2024
          New York, New York

