UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRAN VUPPALA,<br><br>                      Plaintiff,<br><br>-against-<br><br>WONDERLAND CONVENIENCE CORP.<br>d/b/a WONDERLAND LAND OF BUDDHA,<br>LAND OF BUDDHA, INC. f/k/a LAND OF<br>BUDDHA, and 7 MON LLC,<br><br>                      Defendants. | 22-CV-9044 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

      Kiran Vuppala, who relies on a wheelchair, brings this action for disability discrimination against the owners of the New York City shop Land of Buddha. According to the Amended Complaint, Mr. Vuppala tried to shop at Land of Buddha but was unable to because the space is inaccessible for those in a wheelchair. After Mr. Vuppala filed this suit, Land of Buddha permanently vacated the property. Plaintiff asserts one federal claim against Land of Buddha, and the sole remedy available for that claim is injunctive relief. Because Land of Buddha no longer operates that property, Plaintiff's federal claim is moot and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against this defendant. As such, the Court grants Land of Buddha's motion to dismiss.

## BACKGROUND

      The following facts are, unless otherwise noted, taken from the Amended Complaint and presumed to be true for the purposes of this motion. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

      Plaintiff Kiran Vuppala is a paraplegic and uses a wheelchair for mobility. ECF No. 49 ("Compl.") ¶ 4. Defendant 7 Mon LLC is the alleged owner, lessor, and/or operator of the real

property located at 128 MacDougal Street, New York, New York (the "Subject Property"). *Id.* ¶ 5. Defendant Wonderland Convenience Corp. is the alleged current lessee and/or operator of the Subject Property. *Id.* Defendant Land of Buddha, Inc. ("Land of Buddha") was the previous lessee and operator of the Subject Property. *Id.*; *see* ECF No. 57-2 ("Sherpa Decl.") ¶¶ 5–6.

When Land of Buddha was the lessee of the Subject Property and operated it as a shop, Mr. Vuppala visited the Subject Property but could not physically access its facilities due to his disability. *See* Compl. ¶ 4; ECF No. 57-1 ("Mot.") at 2. The Subject Property lacked an Americans with Disabilities Act ("ADA") compliant ramp or wheelchair lift, as well as a safe and accessible exit for Mr. Vuppala. Compl. ¶ 16. The carpet was not securely attached to the floor, certain hanging merchandise could not be reached by someone in a wheelchair, and ADA compliant signs were absent. *Id.* Thereafter, Mr. Vuppala filed this lawsuit, bringing claims under Title III of the ADA, the New York City Human Rights Law, the New York State Human Rights Law, and the Administrative Code of the City of New York. *Id.* ¶¶ 7–37.

Land of Buddha has ceased its operations at the Subject Property, returned the keys to the property manager, received the return of its security deposit, and permanently vacated the premises. Sherpa Decl. ¶¶ 8–10.

On March 29, 2024, Land of Buddha moved to dismiss the ADA claim as moot and urged the Court to decline exercise of supplemental jurisdiction over the pendant state law claims. Mot. at 4, 8. On September 10, 2024, Land of Buddha additionally moved to enforce a settlement agreement between the parties. ECF No. 98. For the following reasons, Land of Buddha's motion to dismiss is GRANTED and the motion to enforce settlement is DENIED as moot.

**LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Dunbar v. Empire Szechuan Noodle House, Inc.*, No. 18-CV-9625 (CM), 2020 WL 2132339, at *3 (S.D.N.Y. May 5, 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In reviewing such a motion, a court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S.*, 386 F.3d at 110 (internal citation omitted). A court "may consider . . . materials beyond the pleadings to resolve the jurisdictional issue, but [] may not rely on conclusory or hearsay statements . . . ." *Id.* (citing *Zappia Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

Federal courts no longer exercise subject matter jurisdiction over an issue that has become moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Mootness occurs when the "issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal citation omitted). "The central question is whether a change in the circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *AstraZeneca AB v. Impax Lab'ys, Inc.*, 490 F. Supp. 2d 368, 374 (S.D.N.Y 2007) (cleaned up). In other words, whether a claim is moot "depends on the availability of any judicial relief." *Id.*

**DISCUSSION**

This discussion proceeds in two parts, first examining the mootness of the ADA claim, and then addressing the dismissal of the pendant state law claims.

I.    **Plaintiff's ADA Claim Against Land of Buddha Is Moot**

A private plaintiff suing under the ADA "may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Dunbar*, 2020 WL 2132339, at *3 (internal citation omitted). When the basis of an ADA claim is the physical inaccessibility of a property, and a defendant no longer occupies or controls that property, a court loses the ability to order injunctive relief from the defendant. *See id*. In this situation, "redress is no longer possible [and] the ADA claim becomes moot." *Id*. at *1–3 (dismissing the ADA claim of a disabled plaintiff when the tenant defendant ceased operations of the wheelchair-inaccessible restaurant); *see also Antolini v. Kanter*, No. 19-CV-10567 (PGG) (RWL), 2020 WL 13833747, at *1, 3 (S.D.N.Y. Sept. 28, 2020) (same); *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925 (GBD) (BCM), 2017 WL 3225989, at *1–2 (S.D.N.Y. July 5, 2017) (same).

Land of Buddha has shown that it has ceased operations at the Subject Property, returned the keys to the Subject Property to the property manager, received the return of its security deposit, and permanently vacated the Subject Property. *See* Sherpa Decl. ¶¶ 8–10; ECF No. 57-3. Plaintiff does not appear to contest these facts, which mirror *Dunbar* and the other analogous ADA cases that were dismissed as moot.

Instead, Plaintiff argues that Land of Buddha is an "indispensable party" to the litigation because Land of Buddha "remains liable" under the terms of its lease for the Subject Property to indemnify the owner of the Subject Property for any costs that may arise out of this litigation. ECF No. 70 at 12–14. Yet Plaintiff has failed to cite any authority suggesting that an indemnification clause is grounds to maintain its ADA claim against Land of Buddha. Nor can the Court identify any precedent for this proposition. Furthermore, Land of Buddha is not "indispensable" because Plaintiff can obtain the injunctive relief sought in this action without

Land of Buddha. Indeed, as Land of Buddha is no longer a tenant at the property, it is no longer in a position to fulfill any injunctive relief that might be ordered in the case. Any liability that remains against Land of Buddha for any costs arising from the litigation belongs to the owner of the property under the terms of the lease, not liability under the ADA as to Plaintiff.

Lastly, Plaintiff contends that the motion to dismiss is premature because discovery is incomplete. *Id*. But whatever further discovery may reveal, the fact remains that Land of Buddha no longer exercises any control over the Subject Property. The Court can order no injunctive relief under the ADA and dismisses the ADA claim with respect to Land of Buddha as moot.

## II.      The Court Declines to Exercise Supplemental Jurisdiction over the State Law Claims

"Because the only federal claim against [Land of Buddha] has been rendered moot, this Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state and local law claims." *Dunbar*, 2020 WL 2132339, at *4 (collecting cases). Dismissal of pendent state and local law claims is preferred when all federal claims are eliminated at an early stage in litigation, such as in a motion to dismiss here. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988). Moreover, there is no "clearly articulated federal interest" at stake with the pendent claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d. Cir. 2006). Accordingly, the state and local law claims against Land of Buddha are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Land of Buddha's motion to dismiss is GRANTED. The ADA claim against Land of Buddha is dismissed with prejudice as moot. The pendant state and local law claims against Land of Buddha are dismissed without prejudice.

Land of Buddha's motion to enforce settlement is DENIED as moot. The Clerk of Court is directed to terminate ECF No. 98 and to terminate the defendant Land of Buddha, Inc.

No other defendants have appeared in this case and a certificate of default has been entered against 7 Mon LLC. *See* ECF No. 87. Plaintiff shall file a motion for default judgment in accordance with the Court's Individual Rules and Local Rule 55 no later than November 12, 2024.

Dated:  October 22, 2024
       New York, New York

                                          SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge