

**S P I R E   L A W**

Ian E. Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

**spirelawfirm.com**

<u>Via Electronic Filing</u>                    **November 13, 2024**

The Honorable Jessica G. L. Clarke
U.S. District Court, Southern District of New York
500 Pearl St
New York, NY 10007

**Re.:**  *Vuppala v. Land of Buddha, Inc. et al* **(1:22-cv-09044)**

**Defendant Land of Buddha's Objection to Plaintiff's Untimely Motion for Extension of Time to File**

Dear Judge Clarke:

Defendant Land of Buddha, Inc. objects to Plaintiff's Letter Motion of November 13, 2024, seeking an extension of the time to file a motion for default judgment against Defendant 7 Mon LLC. [D.E. 103.]

Rule 6(b) of the Federal Rules of Civil Procedure governs the extending of time when an act must be done within a specified time and provides that:

> When an act … must be done within a specified time, the court may, *for good cause*, extend the time …if a request is made, before the original time or its extension expires; or …on motion made after the time has expired if the party failed to act because of *excusable neglect*.

On October 22, 2024, the Court ordered that Plaintiff was to file his motion for default against Defendant 7 Mon LLC on or before November 12, 2024. [D.E. 101.] Plaintiff's Letter Motion was filed November 13, 2024, after the Court's deadline. Thus Plaintiff must meet the more stringent excusable-neglect standard.

In evaluating whether a party's reasons for failing to meet a deadline constitute excusable neglect, the Second Circuit applies the four factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993): (1) the danger of prejudice [to the opposing party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. The Second Circuit takes a "hard line" in applying the *Pioneer* factors. *In re Westinghouse Elec. Co., LLC*, Case No. 17-10751, 2022 WL 467797, at *7 (Bankr. S.D.N.Y. Feb. 15, 2022).



Here, Plaintiff has stated only that a "sudden emergency" prompted his untimely request for an extension of the time to file his motion. Plaintiff's request only marginally addresses the third factor, disregarding the other *Pioneer* factors entirely.

Accordingly, in the absence of Plaintiff demonstrating excusable neglect, the Court should deny Plaintiff's untimely motion for an extension to file his Motion for Default against 7 Mon LLC.

Respectfully,

Ian E. Smith, Esq.
Partner, Spire Law, LLC

cc: Mr. Ben-Zion Bradley Weitz (via ECF)

