UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KIRAN VUPPALA,

        Plaintiffs,

v.

WONDERLAND CONVENIENCE CORP.,
a New York corporation, d/b/a WONDERLAND
LAND OF BUDDHA, and LAND OF BUDDHA,
INC., a New York corporation, d/b/a LAND OF
BUDDHA, and 7 MON LLC, a New York limited
liability company,

        Defendants.
_____

CASE NO.: 1:22-cv-09044-JGLC

## **LAND OF BUDDHA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY**

Defendant Land of Buddha (hereinafter "Defendant or "Land of Buddha"), by and through its undersigned counsel of record, hereby moves against Plaintiff and his counsel for sanctions pursuant to 28 USC § 1927 and the inherent power of the Court, for unreasonably and vexatiously, in bad faith, multiplying the proceedings in this case.

For the reasons that follow, this Court should award Land of Buddha the unnecessary and excess costs it incurred following the Parties' settlement in October 2023 until the Court granted Land of Buddha's motion to dismiss on October 22, 2024. [ECF No. 101.]

**Factual Background**

1

The facts of this case are largely set forth in the Amended Complaint, filed March 21, 2024.

On or before October 23, 2022, Plaintiff Kiran Vuppala visited the property at 128 MacDougal Street, New York, New York ("Defendants' Property"). Plaintiff suffers from a "qualified disability" under the Americans with Disabilities Act of 1990. (ECF No. 49, ¶ 4.) Plaintiff is a paraplegic and uses a wheelchair for mobility. On the date Plaintiff personally visited Defendants' Property, "Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property." (*Id.*) In addition, "Plaintiff continues to desire to visit the Subject Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property." (*Id.*, ¶ 13.)

On October 23, 2022, Plaintiff filed his initial Complaint. (ECF No. 1.) In his Complaint, Plaintiff alleged claims under the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq. (the "ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") against Land of Buddha, Inc., and 7 MON LLC (collectively the "Defendants"), seeking injunctive relief, attorney's fees, and costs. (Complaint, ECF No. 1, at p. 1.).

On March 21, 2024, Plaintiff amended his complaint to name Wonderland Convenience Corp. d/b/a Wonderland Land of Buddha as an additional defendant.

1

(Amended Complaint, ECF No. 49.). Defendants Land of Buddha and Wonderland Land of Buddha are not in any way associated.

Near the time of answering the Complaint, in April 2023, Land of Buddha ceased its operations at Defendants' Property. Declaration of Dawa Sherpa ("Sherpa Decl."), ¶ 8, attached hereto as Exhibit 1. On or about May 9, 2023, Land of Buddha permanently vacated 128 MacDougal Street, retaining no leasehold, ownership, or tenant rights of any kind. *See Sherpa Decl*. ¶¶ 9-10.

On August 28, 2023, the Parties mediated their claims through the Southern District of New York's Court-Annexed Mediation Program. The mediation failed. (See Minute Entries following ECF Nos. 21 and 27.)

On October 30, 2023, the Plaintiff and Land of Buddha, Inc. mediated their claims for a second time, after the failed mediation of August 28, 2023. (*See* Minute Entries following ECF Nos. 21 and 27.)

Following the October 30, 2023, mediation, Land of Buddha and Plaintiff agreed to the terms of a settlement resolving all of the claims. (*See* Final Report of Mediator dated November 28, 2023, ECF No. 34; *see also* Plaintiff's Notice of Settlement). Report of Mediator to the Clerk that the Court-ordered mediation in this case was held and agreement was reached on all issues. *Id.*

Additionally, Plaintiff filed his Notice of Settlement on November 7, 2024, acknowledging the Parties' settlement. (ECF Nos. 29, 30.)

1

Prior to filing his Motions to Extend the Time to Reopen the Case, Plaintiff neither consulted nor stated in his letter to the Court that he had contacted Land of Buddha in any way. (*See* ECF Nos. 37, 39, 41.) The Court promptly granted each motion the following day after its filing. On March 7, 2024, Plaintiff moved to reopen the case. [ECF No. 41.]

Land of Buddha moved to dismiss the case on March 29, 2024. [ECF No. 57.] Land of Buddha moved to enforce the settlement it reached with Plaintiff on April 11, 2024. [*See* ECF Nos. 60 and 61.]

Plaintiff unilaterally scheduled two separate in-person depositions of Land of Buddha on April 11, 2024. Plaintiff later agreed to reschedule the depositions upon, among other things, that Defendant withdraw its motion to enforce the settlement. [*See* Emails between B. Weitz and I. Smith dated April 11, 2024, attached to Smith Decl.]

On October 22, 2024, the Court granted Land of Buddha's motion to dismiss and declined to exercise its supplemental jurisdiction over Plaintiff's New York State claims. [ECF No. 101.]

### ARGUMENT AND CITATION OF AUTHORITY

**The Court Should Sanction Plaintiff and His Counsel**

Under 28 USC § 1927, "any attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy

1

personally the excess, costs, expenses and attorneys' fees incurred because of such conduct." 28 USC § 1927, *see also, Wisser v. Fox Media*, 220 US Dist. Lexis 57705, 13-14 (SDNY 2020). A district court also possesses inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process. *Wisser*, at 14, (citing *Goodyear Tire & Rubber Co. v. Haeger,* 137 S.Ct. 1178, 1186 (2017)). A finding of bad faith concerning a course of conduct is required under either standard - § 1927 or the Court's inherent power.

Here, Plaintiff and his counsel have acted in acted in bad faith and should be taxed all costs Land of Buddha incurred following Plaintiff's refusal to comply with the agreement the Parties' reached before the SDNY Mediation Office and the costs needlessly incurred to engage in wholly unnecessary discovery. In refusing to honor the agreement he reached with Defendant Land of Buddha at mediation, Plaintiff acted in bad faith. Even before mediating the Parties' claims, Plaintiff was fully aware that Land of Buddha had vacated the subject property months' before, was no longer subject to liability (assuming it ever was subject to liability) under the Americans with Disabilities Act, and that his claims had been mooted. Plaintiff further compounded his bad faith in pursuing needless discovery aimed only at imposing unnecessary costs in an effort to exhort a greater settlement amount.

## CONCLUSION

For the foregoing reasons, the Court should impose sanctions on Plaintiff and

his counsel under 28 U.S.C. § 1927 and the Court's inherent authority in an amount to be determined by the Court.

        Respectfully submitted,

        SPIRE LAW, LLC
        2572 W. State Road 426, Suite 2088
        Oviedo, Florida 32765

        By:    */s/ Ian E. Smith*
                  Ian E. Smith, Esq.
                  New York Bar No. 4027447
                  ian@spirelawfirm.com
                  sarah@spirelawfirm.com
                  filings@spirelawfirm.com

        ***Attorney for Defendant | Land of Buddha, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Ian Smith*
Attorney