

**SPIRE LAW**

Ian E. Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

**spirelawfirm.com**

<u>**Via Electronic Filing**</u>                                    **December 23, 2024**
The Honorable Judge Jessica G.L. Clarke
United States Courthouse
500 Pearl St. Courtroom 20C
New York, NY 10007-1312

Re.:   *Vuppala v. Land of Buddha, Inc. et al*
       **Case No: 1:22-cv-09044**

       **Defendant Land of Buddha's Response in Opposition to Plaintiff's Letter Motions: (1) Letter Motion for Conference re Motion to Strike [D.E. 120]; (2) Letter Motion for Extension of Time [D.E. 121]; (3) Letter Motion re: Notice of Striking re D.E. 121 [D.E. 122]; (4) Letter Motion for Extension of Time to Respond to Motion for Sanctions [D.E. 123]**

Dear Judge Clarke:

        On behalf of Defendant Land of Buddha, Inc., I write in opposition to Plaintiff's Letter Motion for Conference re: Motion to Strike [D.E. 120], Letter Motion for Extension of Time [D.E. 121], Letter Motion re: Notice of Striking re D.E. 121 [D.E. 122]; and Letter Motion for Extension of Time to Respond to Motion for Sanctions [D.E. 123] (collectively "Plaintiff's Letter Motions") and ask the Court to deny any relief requested therein.

        Plaintiff's Letter Motions generally respond or relate to Defendants' Motion for Sanctions [D.E. 117] and the Proposed Order and Declaration in Support [D.E. 118 and 119], which were filed on December 3, 2024, and December 4, 2024.[1]  Because any opposition to

---

[1] Defendant Land of Buddha provides the following explanation to the Court regarding the subsequent filing of the Proposed Order [D.E. 118] and and the Declaration in Support [D.E. 119] in support of the Motion for Sanctions [D.E. 117].  Defendant sought to file all of the documents during the evening of December 3, 2024.  At the time of filing, the Court's ECF system rejected the filing.  It appeared the ECF system was rejecting the filing due the inclusion of multiple exhibits.  The lead document was filed timely.  The Proposed Order was filed within a few

SPIRE LAW

Defendant's Motion for Sanctions was due within 14 days—or on or before December 18, 2024, Plaintiff's Letter Motions filed December 20 and 21, 2024 are untimely. *See* SDNY Local Civil Rule 6.1(b) ("[A]any opposing affidavits and answering memoranda shall be served within ***fourteen days*** after service of the moving papers) (emphasis added).

For at least the third time in this litigation—and despite the Court's admonition that "[f]urther extension requests that do not comply with the Local Rules and Individual Rules will not be granted," [D.E. 65], Plaintiff has disregarded a deadline and then sought an extension ***after*** the deadline has expired. *See* D.E. 121 and 123 (current motions seeking an untimely extension); *see also* D.E. 65, 64 (previously seeking an extension after a missed deadline).

Rule 6 of the Federal Rules of Civil Procedure permits the Court to extend the deadline for a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To establish excusable neglect, a movant must show good faith and a reasonable basis for noncompliance." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011). "In determining 'excusable negligent,' courts consider, *inter alia*, 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).

Here, the Court should deny Plaintiff's Letter Motions because they are both untimely and not founded upon good cause and Plaintiff's excusable neglect. Plaintiff's Letter Motions do not establish good faith nor do the motions provide any reasonable basis for Plaintiff's noncompliance. Indeed, Plaintiff ***provided no reason whatsoever why he was unable to meet the deadline***. Plaintiff has only provided reasons after the missed deadline to account for his need for additional time.

---

minutes of filing the Motion in the early morning of December 4, 2024. Later, when the Court opened, multiple individuals in Defendant counsel's office made further attempted to file the Declaration in Support with its numerous exhibits. Defendant later learned in conversations with a member of the Court's ECF staff that they were aware of issues impacting filing and that the issues should be resolved soon. The Declaration in Support was filed the same day. Should the Court require any additional explanation or briefing to consider Defendants' filings at D.E. 118 and 119, Land of Buddha would ask for the Court's leave to do so.



[*See* D.E. 121 and 123 (nearly identical letter containing no justification for Plaintiff's failure to file a timely response).]

       For the foregoing reasons, Land of Buddha asks the Court to deny any relief requested in Plaintiff's Letter Motions, [D.E. 120-123.] We thank the Court for its attention and consideration of this matter.

       Respectfully,

Ian E. Smith, Esq.
Partner, Spire Law, LLC

cc:        Counsel of Record  (Via ECF)

