# THE WEITZ LAW FIRM, P.A.

Bank of America Building<br>
18305 Biscayne Blvd., Suite 214<br>
Aventura, Florida 33160

February 3, 2024

**VIA CM/ECF**
Honorable Judge Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20C
New York, New York 10007

      Re: *Vuppala v. Land of Buddha, Inc., et al.*- Case No. 1:22-cv-09044-JGLC-
           Reply to Defendant's Response [D.E. 129] re Motion To Strike Defendant's
           Reply's Exhibits [D.E. 128]

Dear Judge Clarke:

    The undersigned represents the Plaintiff in the above-captioned case matter.

    On January 14, 2025, Plaintiff filed his Letter-Motion to Strike [D.E. 128] Defendant's Reply's [D.E. 127], due to Defendant and its counsel unilaterally filing the nearly identical disputed late filed documents as exhibits [D.E. 127] to his Reply in support of the Sanctions Motion, in what can be construed as a disingenuous veiled effort to circumvent the Court's stated intention to address the initial late filing of those disputed exhibits per its December 27, 2024 Order [D.E. 125].

    In Defendant's surprisingly brief Response [D.E. 129] (incorrectly filed as a "Letter Motion for Oral Argument," perhaps due to Defendant's hurried midnight filing), it is devoid of the important substantive issues at hand. Specifically, Defendant and its counsel glaringly failed to properly address a valid reason for his initial late filing and/or any justification for his subsequent unilateral filing of the nearly identical disputed late documents in his Reply [D.E. 127]. Instead of discussing these substantive issues, Defendant's counsel essentially chose to solely cite case law regarding motions to strike being generally disfavored, without addressing the alleged issues surrounding his disputed filing [D.E. 127]. For instance, Defendant's clear lack of compliance with S.D.N.Y.'s Local Civil Rule 7.1(4) was not even addressed at all in his Response [D.E. 129], and should therefore be deemed an admission. For the numerous reasons discussed in Plaintiff's pending Motion to Strike [D.E. 128], it appears that Defendant's counsel was not acting in good-faith when he made his alleged veiled attempt to circumvent the Court's December 27, 2024 Order [D.E. 125] and filed his severely flawed Reply and exhibits [D.E. 127]. Further, as discussed in-depth in the Motion to Strike [D.E. 128], Defendant's failure to comply with the specific requirements of S.D.N.Y.'s Local Civil Rule 7.1(4) alone should necessitate its striking.

    As cited in Plaintiff's Letter-Motion to Strike [D.E. 128], Federal Rule of Civil Procedure 12(f) permits this Court to strike "any redundant, immaterial, impertinent, or scandalous matter." Here, Defendant's counsel had inexplicably filed nearly identical disputed late filed documents as exhibits [D.E. 127] without any valid justification, which appears to be an act of bad-faith and disingenuous as well as 'redundant.' This S.D.N.Y. Court has previously stricken a 'disinguous'

cross-petition filing, ruling that the "aim of filing its cross-petition to "provide the Court with appropriate background information" to be disingenuous," (*see Century Indemnity Company V. Equitas Insurance Limited, et al.*, S.D.N.Y. Case No. 1:11-cv-01034-NRB (2011), D.E. 27 at p. 8), and this Court should similarly strike Defendant's alleged 'bad-faith' and 'disingenuous' filing of the nearly identical disputed late filed documents as exhibits [D.E. 127].

  For the aforementioned compelling reasons, it is once again respectfully requested that the inappropriately introduced exhibits attached to the Defendant's Reply [D.E. 127] be stricken by the Court, and that said Reply be stricken based on Defendant's failure to comply with the requirements of S.D.N.Y.'s Local Civil Rule 7.1(4). Further, it is respectfully requested that Defendant and its counsel pay all reasonable attorney's fees associated with the filing of this Motion to Strike [D.E. 128 & D.E. 130].

             Sincerely,

             By: /S/ B. Bradley Weitz
              B. Bradley Weitz, Esq. (BW9365)
              THE WEITZ LAW FIRM, P.A.
              Attorney for Plaintiff
              18305 Biscayne Blvd., Suite 214
              Aventura, Florida 33160
              Tel: 305-949-7777
              Fax: 305-704-3877
              Email: bbw@weitzfirm.com