UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRAN VUPPALA,

                Plaintiff,

-against-

WONDERLAND CONVENIENCE CORP.
d/b/a WONDERLAND LAND OF BUDDHA,
LAND OF BUDDHA, INC. f/k/a LAND OF
BUDDHA, and 7 MON LLC,

                Defendants.

22-CV-9044 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      In late 2022, Plaintiff Kiran Vuppala brought this disability discrimination case against the owners of a New York City store called Land of Buddha. ECF No. 1 ("Compl."). Mr. Vuppala, who is paraplegic and relies on a wheelchair, alleged that he was unable to shop at the store because it was inaccessible to people with physical disabilities. ECF No. 49 ("Am. Compl."). After Mr. Vuppala filed this suit, however, Land of Buddha permanently vacated the property. ECF No. 57-2 ("Sherpa Decl.") ¶¶ 8–10; *see also* ECF No. 101 ("MTD Op.") at 1–2. Accordingly, on October 22, 2024, the Court granted Land of Buddha's motion to dismiss—finding that Mr. Vuppala's federal discrimination claim was moot and declining to exercise supplemental jurisdiction over his state and local law claims. MTD Op. at 5–6. The Court further denied as moot Land of Buddha's motion to enforce a settlement agreement between the parties. *Id.* at 6.

      Now, Land of Buddha moves for sanctions under 28 U.S.C. § 1927 and the Court's inherent power, arguing that Plaintiff and his counsel have "unreasonably and vexatiously, in bad faith, multipl[ied] the proceedings in this case." ECF No. 117-1 ("Def.'s Mem. of Law") at 1; *see*

DRAFT

*also* ECF No. 119. Land of Buddha contends that after the parties agreed to a settlement in October 2023, Plaintiff "refus[ed] to honor the agreement" and reopened the case. Def.'s Mem. of Law at 3, 5. The company seeks the "unnecessary and excess costs it incurred" during the year of litigation that followed. *Id.* at 1. Because Land of Buddha fails to demonstrate that Mr. Vuppala's claims lacked a colorable basis and were brought in bad faith, however, its motion is DENIED. Plaintiff's corresponding motions to strike are DENIED as moot. *See* ECF Nos. 120, 129.

## BACKGROUND

After bringing this case, Mr. Vuppala twice mediated his claims with Land of Buddha through the Southern District of New York's Court-Annexed Mediation Program. Def.'s Mem. of Law at 3. The first mediation, which took place on August 28, 2023, was unsuccessful. *Id.* The second, on October 30, 2023, proved more fruitful: as Land of Buddha explains, the parties "agreed to the terms of a settlement resolving all of the claims." *Id.* The following week, on November 7, 2023, the parties filed a joint Notice of Settlement alerting the Court that a "settlement has been reached" and that a "settlement agreement is in the process of being drafted[.]" ECF No. 30. The parties added that they would "file a Stipulation of Dismissal With Prejudice thereafter." *Id.* It never came.

Instead, every month for the next three months, Mr. Vuppala sought extensions to finalize the settlement. ECF Nos. 35, 37, 39. He told the Court that "the settlement agreement has not yet been executed, nor [have] settlement funds [been] received." ECF Nos. 35, 37; *see also* ECF No. 39 (explaining that "the settlement has not yet been consummated"). On March 7, 2024, exactly four months after the parties filed their joint Notice of Settlement, he asked the Court to reopen the case. ECF No. 41. "Defendants are not cooperating," he wrote. *Id.* The Court granted his

2

DRAFT

request, and the case was reopened the next day. ECF No. 42. Mr. Vuppala also amended his complaint, adding the alleged current lessee and/or operator of the property, Wonderland Convenience Corp. *See generally* Am. Compl. In response, Land of Buddha moved to dismiss the case. ECF No. 57. Nearly six months later, on September 10, 2024, Land of Buddha moved to enforce the settlement agreement between the parties. ECF No. 98.

The Court granted Land of Buddha's motion to dismiss and denied as moot its motion to enforce the settlement agreement. MTD Op. at 5–6. Now, Land of Buddha asks the Court to impose sanctions on Mr. Vuppala and his attorney "for unreasonably and vexatiously, in bad faith, multiplying the proceedings in this case." Def.'s Mem. of Law at 1. It argues that Mr. Vuppala knew long before he even began to mediate his claims that Land of Buddha had vacated the storefront at issue, and that Mr. Vuppala only reopened the case in order to "exhort a greater settlement amount." *Id.* at 4–5. Accordingly, Land of Buddha seeks "the unnecessary and excess costs it incurred" from the moment Mr. Vuppala agreed to a settlement in October 2023 until the Court granted its motion to dismiss in October 2024. *Id.* at 1.

## LEGAL STANDARD

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. For a moving party to succeed under the statute, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *Chester Park View, LLC*

DRAFT

*v. Schlesinger*, No. 23-CV-5432 (CS), 2024 WL 2785140, at *15 (S.D.N.Y. May 29, 2024) (internal citation and quotation marks omitted).

The Court also possesses the inherent authority to sanction any party that "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). "In practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 144 (2d Cir. 2012) (internal citation and quotation marks omitted). Accordingly, "requests for sanctions under Section 1927 and pursuant to the court's inherent authority may be decided in a single inquiry." *Prevezon Holdings*, 305 F. Supp. 3d at 478 (internal citation omitted).

That inquiry demands that the moving party meet a "high standard." *Aquino by Convergent Distributors of Texas, LLC v. Alexander Cap., LP*, 708 F. Supp. 3d 495, 512 (S.D.N.Y. 2023), *aff'd sub nom. Aquino v. Alexander Cap. LP*, No. 24-447, 2024 WL 4635219 (2d Cir. Oct. 31, 2024) ("*Aquino*"). An offending party's claim "lacks a colorable basis [only] when it is utterly devoid of a legal or factual basis." *Id.* (citing *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999)). And a finding of bad faith must either be "explicit," *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143 (2d Cir. 2023) (citing *United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000)), or "infer[red] from completely meritless actions," *Jones v. Combs*, 759 F. Supp. 3d 534, 539 (S.D.N.Y. 2024) (citing *In re 60 E. 80th St. Equities,*

4

DRAFT

*Inc.*, 218 F.3d 109, 116 (2d Cir. 2000)). Even "implausib[le]" claims may have merit; a party acts in bad faith when it brings a claim that is "so outlandishly and obviously false[.]" *Id.* at 541.

## DISCUSSION

Land of Buddha argues that Plaintiff acted in bad faith because he "refus[ed] to honor the agreement he reached" at mediation and "pursu[ed] needless discovery aimed only at imposing unnecessary costs in an effort to exhort a greater settlement amount." Def.'s Mem. of Law at 5. Indirectly, the company also asserts that Plaintiff lacked a colorable basis for his claims because he engaged in mediation knowing that Land of Buddha had already vacated the subject property. *Id.* Neither argument satisfies the high bar required for sanctions under Section 1927 or the Court's inherent authority.

First, the Court has not been presented with convincing evidence that Plaintiff's claims were brought in bad faith. Land of Buddha has not demonstrated that Mr. Vuppala brought his claims for a harassing purpose—particularly because he originally filed his lawsuit while Land of Buddha still occupied the store, and because his state and local claims remain at issue. Land of Buddha has not shown that Mr. Vuppala reopened the case as a means to delay the Court's action (indeed, he was the one seeking relief) or to leverage a higher settlement offer (he never returned to mediation and, by Defendant's account, failed to communicate). *See* Def.'s Mem. of Law at 4. Land of Buddha has not provided any "explicit" evidence for its conclusory arguments. *See generally* Def.'s Mem. of Law at 4–5. And the Court will not infer bad faith when Plaintiff's actions are far from "completely meritless[.]" *Jones*, 759 F. Supp. 3d at 539.

Indeed, the parties vigorously dispute Mr. Vuppala's reasons for reopening the case. *Compare* ECF No. 98 ("Def.'s Mot. to Enforce Settlement") at 3 ("Plaintiff declined to honor the Parties' agreement, refused to engage on the written settlement agreement, and ultimately

DRAFT

reneged on the agreement he reached at mediation.") *with* ECF No. 126 ("Pl.'s Mem. of Law") at 5 (critiquing "Defendant's counsel's self-serving erroneous suggestion that there was a final settlement" and explaining that "there was no settlement that came to final fruition by all parties[.]"). The Court takes no position on the validity of either argument, but Mr. Vuppala's reasoning alone—that he never agreed to the terms of the deal—is enough to undercut the notion that he was acting in bad faith when he moved to reopen the case.

      Second, Land of Buddha has not shown that Mr. Vuppala lacked a colorable basis for his claims. Although Land of Buddha had already vacated the property before the parties began mediation—all-but-certainly mooting Mr. Vuppala's Americans with Disabilities Act claim—"it cannot be said [that his complaint] was 'utterly devoid of . . . [a] factual basis.'" *Aquino*, 708 F. Supp. 3d at 512 (quoting *Schlaifer*, 194 F.3d at 337). Mr. Vuppala contends that he reopened the case and pursued further discovery not just because "Defendants [we]re not cooperating" after mediation, ECF No. 41, but because he wanted to better understand the relationship between Land of Buddha, the alleged subsequent tenant Wonderland Convenience Corp., and the alleged owner, lessor, and/or operator of the property, 7 Mon LLC. Pl.'s Mem. of Law at 4–5. That he then amended his complaint to add Wonderland Convenience Corp. as a defendant lends strong support to this argument. *See* Am. Compl. at 1. Mr. Vuppala also explains that he wanted to know whether Land of Buddha vacated the premises to avoid liability. Pl.'s Mem. of Law at 4. And he describes how he sought discovery to further substantiate his state and local law claims. *Id.* at 6. These are all valid, even if occasionally "implausib[le]," bases for relief. *Jones v. Combs*, 759 F. Supp. 3d at 539.

      "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters*

*Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). Land of Buddha has failed to provide such specific evidence.

## CONCLUSION

Accordingly, for the foregoing reasons, Land of Buddha's motion for sanctions is DENIED. Plaintiff's motions to strike are DENIED as moot. The Clerk of Court is respectfully directed to terminate ECF Nos. 117, 119, 120, 129. The Court will rule separately on the pending motion for default judgment against 7 Mon LLC.

Dated: September 29, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge