USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

KIRAN VUPPALA,

                                        Plaintiff,                    **22-CV-9044 (JGLC) (KHP)**

                    -against-                                         **REPORT AND RECOMMENDATION
                                                                      ON MOTION FOR DEFAULT
7 MON LLC, et al.                                                     JUDGMENT**

                                        Defendants.

-----------------------------------------------------------------X

**TO:    THE HONORABLE JESSICA G.L. CLARKE, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kiran Vuppala ("Plaintiff") commenced this action against Defendant 7 Mon LLC ("Defendant") and other defendants, asserting the following claims: (1) violation of the public accessibility requirements of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. (the "ADA"); (2) violation of the public accessibility requirements of Article 15 of the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL"); and (3) violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq., including the Local Civil Rights Restoration Act of 2005, (the "NYCHRL"). Plaintiff moves for entry of a default judgment, seeking (1) a declaration that the property owned by Defendant violates the ADA, the NYSHRL, the NYSCRL and the NYCHRL insofar as it is inaccessible to individuals in wheelchairs like Plaintiff; (2) a preliminary and permanent injunction requiring Defendant to alter the property to bring it into compliance with federal, state, and local law; (3) compensatory damages pursuant to the NYSHRL and the NYCHRL in the amount of $1,500.00; and (4) attorneys' fees and costs in bringing this action. (ECF No. 49, at ¶¶ 36, 38, 40, 41). For the reasons discussed below, the Court respectfully recommends that Plaintiff's motion be GRANTED in part and DENIED in part with the relief set forth below.

1

**BACKGROUND**

Plaintiff is a paraplegic and uses a wheelchair for mobility.  (ECF No. 49 ("Am. Compl"), at ¶ 4)  Defendant 7 Mon LLC is a New York limited liability company that owns, leases and/or operates a property in downtown Manhattan where a store called Land of Buddha used to operate.  The property is currently leased to a store called Wonderland Convenience.  (*Id.*, at ¶ 5)  Plaintiff visited the property "but was denied full and equal access to, and full and equal enjoyment of" the property.  (*Id.*, at ¶¶ 4, 14)  According to the Amended Complaint, Plaintiff "continues to desire to visit" the property but cannot access it due to architectural barriers.  (*Id.* ¶ 14)  Among other things, the Amended Complaint explains that there are multiple steps at the interior of the entrance absent an ADA-compliant ramp and/or wheelchair lift, and that inside, the main counter is too high for a wheelchair user, as is the placement of certain products in the store.  (*Id.* ¶ 16)

Plaintiff initiated this action on October 23, 2022 and served the complaint on 7 Mon and Land of Buddha on December 22, 2022.  (ECF Nos. 1, 7-8)  Defendant Land of Buddha appeared and entered into settlement discussions with Plaintiff.  Defendant 7 Mon never appeared.  Land of Buddha and Plaintiff reached a settlement in November 2023 and the case was closed.  (ECF No. 33-34)  Plaintiff thereafter moved to reopen because the settlement was not consummated.  (ECF No. 41)  Land of Buddha moved out of the property and a new store, Wonderland Convenience, moved in.  The Court reopened the matter and an amended complaint was filed.  (ECF No. 49)  Land of Buddha moved to dismiss the claims against it as moot, since it was no longer a tenant at the property.  (ECF No. 57)  The parties ultimately engaged in some discovery, or attempted to, but Land of Buddha failed to produce a corporate

representative for a deposition.  (ECF No. 95)  The Court ultimately granted Land of Buddha's motion to dismiss, finding the ADA claims moot, but dismissing the state and local claims without prejudice.  (ECF No. 101)  Land of Buddha later sought sanctions against Plaintiff and her counsel (ECF No. 119), but that motion was denied.  (ECF No. 131)

Plaintiff also sought a default against 7 Mon.  (ECF Nos. 107-109)  The Honorable Jessica G.L. Clarke issued an Order to show cause as to why default should not be entered 7 Mon.  (ECF No. 119)  After failing to respond to the Court's Show Cause Order, the Court entered default judgment against 7 Mon and referred this matter to the undersigned for an inquest on damages.  (ECF Nos. 132-133)  Plaintiff served the default Order on 7 Mon, but 7 Mon did not respond.  (ECF No. 143)

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action.  *Gesualdi v. Reid*, 198 F. Supp. 3d 211, 217 (E.D.N.Y. 2016).  Rule 55 requires the Clerk of the Court, upon notification from the moving party, to note the default of the party failing to defend.  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011) (citing Fed. R. Civ. P. 55(a)).  Once the Clerk issues a certificate of default, the moving party may apply for entry of default judgment, pursuant to Rule 55(b).  *Id*.

In determining whether to grant a motion for default judgment, courts within this District consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the nondefaulting party would suffer as a result of the denial of the motion for default judgment." *Indymac Bank, F.S.B. v. National Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS) (GWG), 2007

WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court's grant of a default judgment).

On a default judgment motion, the defendant is deemed to have admitted all of the well pleaded factual allegations contained in the complaint. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action. *See Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019). When determining liability from default, the non-defaulting party is entitled to all reasonable inferences from the evidence offered. *See Mun. Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp. 3d 290 (E.D.N.Y. 2015).

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks*." Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted).

"Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12 Civ. 6620 (DLC), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

**DISCUSSION**

### 1. Jurisdiction and Venue

The Court has both subject matter jurisdiction over this case and personal jurisdiction over the Defendants.  Federal subject matter jurisdiction exists over Plaintiff's federal ADA claim pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and supplemental jurisdiction may be exercised over related state and municipal claims pursuant to 28 U.S.C. § 1367(a).

Additionally, the Court has personal jurisdiction over the Defendant insofar as it is alleged to be a New York corporation.  This makes it "amenable to general personal jurisdiction throughout the state under New York law."  *Reilly v. Plot Commerce*, No. 15 Civ. 5118 (PAE) (BCM), 2016 WL 6837895, at *3 (S.D.N.Y. Oct. 31, 2016); *see also Magdalena v. Lins*, 999 N.Y.S.2d 44, 45 (1st Dep't 2014).

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), because the Defendant conducts business in this judicial district and under 28 U.S.C. § 1391(b)(2), because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

**2. Factors Weighing in Favor of Granting Plaintiff's Motion for Default Judgment**

Plaintiff has satisfied the two-step procedural requirement of Rule 55 by submitting a request for both entry of default and default judgment following the issuance of the Clerk's certification. (ECF Nos. 87, 107-109)

Further, all three of the factors considered in this district weigh in Plaintiff's favor. First, Defendant's failure to make an appearance and respond to either Plaintiff's Complaint or Motion for Default Judgment are indicative of willful conduct. *See Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 164 (S.D.N.Y. 2023) (finding that the defendants' default was willful because they did not appear in the action, respond to the complaint or address the motion for default judgment); *Indymac Bank, F.S.B.*, 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a complaint or motion for default judgment indicate willful conduct). Second, there is no information before the Court regarding any meritorious defenses to Plaintiff's claims because Defendant has failed to make any appearance and therefore has not provided any information to this Court. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, at 31 (E.D.N.Y. 2015) (reasoning that a meritorious defense cannot be established where the defendant has not filed an answer, made an appearance, and responded to the claims in the case). Third, Plaintiff will be prejudiced if denied the ability to seek judgment by default because there are no alternative avenues for legal redress. *See World Gold Tr. Servs., LLC v. GoldCoin Devs. Grp. LP*, No. 20 Civ. 4667 (JGK), 2021 WL 4134681, at *2 (S.D.N.Y. Sept. 10, 2021) (finding that the plaintiff would be prejudiced if denied the ability to seek judgment because plaintiff had no alternative legal redress to obtain damages or injunctive relief); *Fermin*, 93 F. Supp. 3d, at 31 (same).

6

### 3.  Liability Under the ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The elements of a claim pursuant to Title III are "that (1) [the plaintiff] ... is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA."  *Krist v. Kolombos Rest. Inc*., 688 F.3d 89, 94-95 (2d Cir. 2012) (citations and quotation marks omitted).

Plaintiff satisfied the first element by adequately alleging that he is a paraplegic who uses a wheelchair for mobility, which is a disability within the meaning of the ADA.  *See Lopez v. 2100 2nd Ave LLC*, No. 24 Civ. 1375 (JLR) (SN), 2025 WL 3898106, at *1-2 (S.D.N.Y. Dec. 18, 2025) (finding that because the plaintiff "is a paraplegic and is dependent on a wheelchair to ambulate. . . . [the plaintiff] is disabled within the meaning of the ADA."), *report and recommendation adopted*, No. 24 Civ. 1375 (JLR) (SN), 2026 WL 37361 (Jan. 6, 2026); *Brown v. 3700 Deli & Grocery Inc.,* No. 19 Civ. 7160 (ALC), 2021 WL 289349, at *2 (S.D.N.Y. Jan. 27, 2021) (finding that because the plaintiff alleged that he is a paraplegic who uses a wheelchair, he is "disabled under the ADA."); *Shalto v. Bay of Bengal Kobo Corp.,* No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867429, at *3 (E.D.N.Y. Feb. 6, 2013) (finding a plaintiff who is paralyzed from the waist down and confined to a wheelchair to be disabled under the ADA).  Plaintiff has satisfied the second element – that the property is a place of public accommodation insofar as it is leased to

7

commercial tenants who operate stores open to the public. *See Shariff v. Beach 90th Street Realty Corp.,* No. 11 Civ. 2551 (ENV) (LB), 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013) (finding that because the defaulting defendant leased the property, which in turn sells goods to the public, the second element of a Title III claim was met).  As to the third element, Plaintiff alleges that Defendant has violated the ADA as a result of six compliance problems: (1) the lack of entrance ramps and/or a wheelchair lift; (2) the lack of a safe and accessible means of egress; (3) the inaccessibility of items on high shelves or displays; (4) an inaccessible sales counter; (5) the failure to securely attach the carpet/mat to the floor; and (6) the failure to post directional and other informational ADA compliant signage.  Plaintiff has also satisfied the third element insofar as he pleaded that without a ramp or wheelchair lift, he was unable to access or leave the property, that Defendant failed to provide adequate signage, and that Defendant failed to secure a carpet to the floor.  *See* 28 C.F.R. § 36.304(c)(1) ("[A] public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp...."); *Philips v. Pizza*, No. 17 Civ. 6112 (JPO), 2018 WL 2192189, at *2 (S.D.N.Y. May 14, 2018) (finding that a single front step at the entrance of a restaurant establishes a barrier to entry); S*halto v. Bay of Bengal Kabob Corp.*, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867429, at *5-6 (E.D.N.Y. Feb. 6, 2013) (finding that the plaintiff was able to satisfy third element as to all of his claims save for one regarding the height of a sales counter) .

While the Amended Complaint alleges that the sales counter was inaccessible, the Amended Complaint itself fails to provide colorable "detail to support a default judgment." *Lopez v. Hooshang Realty Corp.*, No. 24 Civ. 2038 (PAE), 2024 WL 4553930, at *2 (S.D.N.Y. Oct.

22, 2024).  Instead, the Amended Complaint "does no more than restate the ADA's Accessibility Guidelines, without setting out concrete facts" about the height of the sales counter.  *See* Am. Compl. ¶ 16 (copying and citing provisions of the ADA Accessibility Guidelines to establish non-compliance)." *Id.*  "Such allegations are conclusory and insufficient to establish liability." *Id.;* *see Lopez v. Mizmor 91 LLC,* No. 24 Civ. 2635 (JHR) (RWL), 2025 WL 3096495, at *4 (S.D.N.Y. July 29, 2025) (finding that the plaintiff did not sufficiently allege the inaccessibility of the property's service counter); *Rogers v. Subotic LLC*, No. 18 Civ. 1997 (JPO), 2018 WL 3918181, at *2 (S.D.N.Y. Aug. 16, 2018) (denying default judgment on ADA claims where the allegations as to alleged barriers lacked "specific details, such as the actual height of the presently available eating surfaces"); *Brown v. 3700 Deli & Grocery Inc.*, No. 19 Civ. 7160 (ALC), 2021 WL 289349, at *2 (S.D.N.Y. Jan. 27, 2021) (similar).  Nevertheless, considering the photos provided at ECF No. 142-2 and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has sufficiently established liability as to all claims under the ADA.

### 4. Liability Under the NYSHRL and NYCHRL

A New York state disability discrimination claim "is comprised of New York Executive Law §§ 292 et seq.[, or the NYSHRL,] (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq.[, or the NYSCRL,] (which provides for penalties)." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017) (citations omitted).  This "State-law claim is coextensive with [a] ... Title III claim." *Kris v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012) (citation omitted); *see Andrews*, 268 F. Supp. 3d at 398 (reasoning that, "[i]n general, disability discrimination claims under the NYSHRL rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA" (citation omitted)).  Similarly, a New

9

York City disability discrimination claim is governed by "different standards" than an ADA claim, but "a one-way ratchet exists where the ADA constitutes a floor below which the City's Human Rights Law cannot fall." *See Suris v. Collive Corp.*, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 542987, at *4 (holding that, because the plaintiff sufficiently pleaded an ADA claim to establish liability on a motion for default judgment, the defendants were "similarly ... liable for violating ... the NYCHRL.") (citation and quotation marks omitted); *see also* N.Y.C. Admin. Code 8-107(4); N.Y.C. Admin. Code 8-107(15).

As such, because Plaintiff sufficiently pleaded liability under the ADA, he sufficiently pleaded liability under both the NYSHRL and NYSCRL.

### 5. Remedies

Plaintiff, through his lawyer, has submitted a proposed default judgment for injunctive and declaratory relief under the ADA and state and municipal law.  He also seeks compensatory damages in the amount of $1,500.

Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages." *Krist*, 688 F.3d at 94 (citation omitted).  A plaintiff has standing to seek such relief, and is entitled to such relief upon establishing a defendant's liability, "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Bernstein v. City of N.Y.*, 621 F. App'x 56, 57 (2d Cir. 2015) (citations and quotation marks omitted).

10

Plaintiff has not himself provided a declaration substantiating the allegations in the complaint or explaining why it is reasonable to infer that discriminatory treatment will continue and that he intends to return, particularly in the circumstances of this case where the original store visited was Land of Buddha and there is now an entirely different store at the location and there is no information in the complaint about where Plaintiff lives in relation to the property, why Plaintiff wanted to visit Land of Buddha, or why he still wants to visit the property.  To properly establish the third element, "it is not enough for a plaintiff merely to recite that he intends to return to the challenged premises if they are made accessible.  Rather, he must present specific facts that 'plausibly establish that [he] intended to return to the subject location.'" *Volfman v. Miss Du's Tea Shop, Inc.*, No. 24 Civ. 2973 (PAE) (BCM), 2025 WL 1852302, at *5 (S.D.N.Y. Apr. 18, 2025), *report and recommendation adopted*,  No. 24 Civ. 2973 (PAE), 2025 WL 1621628 (S.D.N.Y. June 9, 2025) (quoting *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022)).  "In order to be 'plausible,' a plaintiff's intent to return to the place of the purported violation must also be demonstrated with reasonable specificity; speculative 'some day' intentions to return are insufficient." *Access 4 All, Inc. v. G & T Consulting Co.*, No. 06-CV-13736 (DF), 2008 WL 851918, at *4 (S.D.N.Y. Mar. 28, 2008) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)).  As noted above, the Court does not know where Plaintiff lives in relation to the property, if the new store is one that Plaintiff ever tried to visit or provides something unique that Plaintiff wants to buy in the future.  *See  Hirsch v. Campaniello Soho, Inc.*, No. 14 Civ. 5097 (LGS), 2015 WL 678662, at *3 (S.D.N.Y. Feb. 17, 2015) ("In the case of a public accommodation for which other reasonable substitutes may exist, like restaurants and malls, the plaintiff must plead facts that tend to show that the plaintiff will likely frequent the area

where the public accommodation is located and is interested in what it has to offer."); *Bernstein*, 621 F. App'x, at 59 ("[I]ntent to return is a highly fact-sensitive inquiry that incorporates a range of factors such as the frequency of the plaintiff's past visits and the proximity of the defendant's services, programs, or activities to the plaintiff's home along with any other factors relevant to the calculation including the plaintiff's occupation or demonstrated travel habits.") (internal citations and quotation marks omitted). Further, Plaintiff alleged visiting the location only on one occasion and did not provide the date of the visit or any details other than the inaccessible aspects of the property. *See Hirsch,* 2015 WL 678662, at *3-4 (rejecting the plaintiff's allegations regarding his intent to return to a furniture store as "conclusory"); *Bernstein*, 621 Fed. Appx. at 58-59 (finding that the plaintiff's intent to return to Central Park could not be inferred solely on the basis of his past visits to New York City); *Nastu v. Stamford Health Integrated Practices,* No. 16 Civ. 292 (JCH), 2016 WL 2858774, at *4 (D. Conn. May 16, 2016) (determining that because the plaintiff did "not explain[ ] why he would need or want to engage with [the] physicians going forward, when many other physicians in greater Stamford [were] available to meet his needs," the court could not infer an intent to return"); *but see Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (finding it reasonable to infer intent to return where "based on the past frequency of [the plaintiff's] visits and the proximity of defendants' restaurants to her home, that [the plaintiff] intends to return to these restaurants in the future."). Thus, while the complaint establishes liability sufficient for a declaration of liability on some of Plaintiff's claims, the default motion papers do not supply the necessary evidence of standing to support a recommendation for an injunction on these claims. *See Kelly Toys Holdings, LLC v. alialialiLL Store,* 606 F.Supp.3d 32, 51-52 (S.D.N.Y. 2022) (finding that where

liability may be established, a plaintiff's entitlement to injunctive relief is not automatic and must be established by Plaintiff); *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding a plaintiff must show a "real or immediate threat" of future injury to obtain injunctive relief).

The NYSHRL provides for a "penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved" by a violation.  N.Y. Civ Rights L. § 40-d; *see Suris*, 2022 WL 542987, at *6; S*halto v. Bay of Bengal Kabob Corp.*, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867429, at *11 (E.D.N.Y. Feb. 6, 2013) (finding $500 in compensatory damages to be appropriate pursuant to the NYSCRL), *report and recommendation adopted as modified on other grounds*, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013).  Likewise, under New York City Law, courts have regularly found that compensatory damages in the amount of $1,000.00 are appropriate where a "plaintiff has not identified with any particularity the basis for his alleged damages." *See Suris*, 2022 WL 542987, at *6; *Shalto*, 2013 WL 867429, at *10 (noting that "[t]he New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.") (citation and quotation marks omitted); *Thompson v. Rising Star Beauty Salon Inc.*, No. 15 Civ. 3716, 2016 WL 9583995, at *3 (E.D.N.Y. Dec. 23, 2016) (finding an award of $1,000 appropriate where plaintiff did not establish any damages other than "embarrassment and discomfort.")  Here, while Plaintiff has established liability, he has not submitted any evidence concerning his alleged compensatory damages sufficient for this Court

13

to make a recommendation.  By failing to submit additional documentation, Plaintiff has not established his damages with any particularity.[1]

### 6. Attorneys' Fees and Costs

The ADA, the NYSHRL, and the NYCHRL allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs.  Having established that Plaintiff is the prevailing party, Plaintiff calculates his total fees and costs at $51,375.10.  (ECF No. 141).  Plaintiff contends that his fees are the result of 76.8 attorney hours billed at $650.00 per hour (a total of $49,920.00) and that his costs are $1,455.10 comprising a $402.00 filing fee, a $773.10 electronic transcript fee; a $65.00 service of process fee for Defendant Land of Buddha, Inc.; a $65.00 service of process fee for Defendant 7 Mon;  a $75.00 service of process fee for Defendant Wonderland Convenience Corp.;  and an additional $75.00 service of process fee for Defendant 7 Mon.

### A. Attorney's Fees

A district court exercises "considerable discretion" in awarding attorneys' fees.  *See Millea v. Metro-North R. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016), *reconsideration granted in part*, No. 12 Civ. 3529 (AJN), 2016 WL 3866578 (S.D.N.Y. July 12, 2016), *and on reconsideration in part*, No. 12 Civ. 3529 (AJN), 2018

---

[1] The Court notes that the complaint, without more, cannot provide the basis needed to recommend a compensatory damage award under Rule 55 as "allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais,* 183 F.3d, at 155; *see also Transatlantic Marine*., 109 F.3d, at 111.

WL 401510 (S.D.N.Y. Jan. 12, 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *Blum*, 465 U.S., at 895 n.11 ("[T]he burden is on the fee applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.")

Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011); *see also Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 542 (2010) ("The lodestar approach has 'achieved dominance in the federal courts.'") (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801, (2002)); *Capitol Records, LLC v. ReDigi Inc.*, No. 12 Civ. 95 (RJS), 2022 WL 3348385, at *1 (S.D.N.Y. Aug. 12, 2022). When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted).

The Second Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL 1029553, at *5 ("rate must be in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). Courts in this District also have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of" a reasonable hourly rate. *In re Stock Exchanges Options Trading Antitrust*

15

*Litig.*, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006).  In determining a reasonable hourly rate, a court must finally "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors.[2]  *Lilly v. City of New York*, 934 F.3d 222, 229-30, 233 (2d Cir. 2019) (emphasis, citation, and internal quotation marks omitted).

When evaluating the reasonableness of hours expended, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  *Haley v.* Pataki, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)).  In determining whether hours are excessive, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Samms v. Abrams*, 198 F.Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  *Kirsch v. Fleet St., Ltd*., 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608-09 (S.D.N.Y. 2017); *TufAmerica Inc.*, 2016 WL 1029553, at *3; *Trs. of Mason Tenders Dist. Council*

---

[2] The twelve *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d,at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

*Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546, 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) ("[I]t is within the Court's discretion to reduce the requested rate" when the Court finds the rate unreasonable in the relevant market) (citing *Savino v. Comput. Credit, Inc*., 164 F.3d 81, 87 (2d Cir. 1998)).

The Court also looks to the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter.  Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 187.  Likewise, the Court may consider the purpose of the award.  *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd*., 880 F.3d 620, 633-34 (2d Cir. 2018).

Although Plaintiff's attorney, Mr. Weitz alleges he has over 24 years of experience and has litigated in excess of 1,800 ADA Title III cases, the $650.00 hourly rate requested is well above the customary rate for experienced litigators in civil rights and ADA cases.  *See Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019) ("Other judges within this District have found the customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights and ADA cases."); *Winegard v. Crain Commc'ns, Inc.*, No. 20 Civ. 1509 (AJN) 2021 WL 1198960, at *4 (Awarding a $385 per hour rate to an attorney with 35 years of experience and finding "the prevailing rate in the Southern District for ADA cases is around $400.").  Mr. Weitz declares that in 2022, he obtained an award rate in this District for $575.00 per hour and cites inflation rates over the past three years to justify the increase to his hourly rate.  (ECF No. 142)  This argument is unavailing for two chief reasons. For

one, this action began in 2022 (before the inflation rate had increased to the degree stated),
yet Mr. Weitz billed $650 for the duration of his four-year representation of Plaintiff.  Second,
Mr. Weitz does not cite a single case within this district, or any other district for that matter,
where an attorney was granted a reasonable hourly rate at over $600.00 per hour for a similar
case.  This case does not present a situation in which a significant departure from the
customary rate in ADA cases is called for particularly when considering the extent of the fees
sought.  *Isakov v. Parched Hosp. Grp., Inc.*, No. 25 Civ. 1407 (VSB), 2025 WL 1569991, at *2
(S.D.N.Y. June 30, 2025) (finding reasonable an hourly rate of $450.00 for a managing partner
with experience handling similar ADA cases in his District); *Lopez*, 2025 WL 3898106, at *3
(reducing hourly rate from $525 to $375 per hour finding the latter to be more commensurate
with the attorney's experience and with prevailing rates for ADA cases in this District);  *Gomez
v. Kedo LLC,* No. 24 Civ. 1556 (LGS) (KHP), 2025 WL 2466141, at *1-2 (S.D.N.Y. May 15, 2025),
*report and recommendation adopted,* No. 24 Civ. 1556 (LGS) (KHP), 2025 WL 2688414 (S.D.N.Y.
Sept. 19, 2025) (awarding an hourly rate of $375 to an attorney who has 8 years experience in
ADA cases); *Toro v. Frame My TV.com, LLC*, No. 23 Civ. 4863 (MMG), 2024 WL 3305441, at *2
(S.D.N.Y. June 7, 2024) (finding the attorney's rate of $450 to be "slightly higher than average"
but "within the range of reasonableness for work of this type," particularly in light of
"conversative" fees and costs sought).  As such, I respectfully recommend that Mr. Weitz's
hourly rate be reduced to $575.00 as it is, given his experience with these types of cases, at the
higher end of rates recently found to be reasonable.

Though this was not a run of the mill default case, this matter was a "non-complex ADA
[ ] accessibility action—a type of case in which Plaintiff's counsel specializes," and Plaintiff

obtained a default judgment against Defendant, who never appeared. *Cruz v. Bar 9 Ent., Corp.*, No. 23 Civ. 3133 (MMG), 2025 WL 1397240, at *2 (S.D.N.Y. May 14, 2025). Having carefully reviewed the records, the time spent by Mr. Weitz on the various tasks merits some reduction especially when considering the level of his success in prosecuting this case.

The degree of success achieved is "the most critical factor" in reviewing requests for attorneys' fees.[3] *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (internal quotation marks omitted). Here, the factual and legal bases of Plaintiff's claims against jointly and severally liable defendants were overlapping, making it "difficult to divide the hours expended on a claim-by-claim basis." *Raja*, 43 F.4th at 88 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Thus, the Court "look[s] to the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* I have considered this as one factor supporting the across-the-board reduction of hours recommended below.

Here, Mr. Weitz has obtained only declaratory relief on behalf of his client. In other words, he has not been able to secure the injunctive relief, compensatory damages, or statutory damages sought. Though the number of vague entries in his submission are low and the descriptions provided by Mr. Weitz are sufficient to allow for meaningful review, granting attorneys' fees in the amount requested where counsel did not secure any relief for Plaintiff would, in itself, be unreasonable. *See Rosario v. City of New York,* No. 18 Civ. 4023 (LGS) (SDA),

---

[3] "[A]lthough the Second Circuit in *Arbor Hill* held that the *Johnson* factors are to be considered in setting the reasonable hourly rate, some of the factors are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established.'" *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 512 (S.D.N.Y. 2010), *on reconsideration in part*, No. 06 Civ. 593 (DC), 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010) (quoting *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.1 (S.D.N.Y. 2008)). "The key is that the *Johnson* factors are weighed at some point in the process." *Id.* (citing *Rozell*, 576 F. Supp. 2d at 537 n. 1).

2023 WL 2908655, at *10-11 (S.D.N.Y. Jan. 27, 2023) (recommending a 20% reduction in hours based on the significance of relief obtained by the plaintiff where the plaintiff did not prevail against two of the three defendants at trial and the jury verdict awarded was far less than what was sought but was still to the tune of $5 million). Further, considering Mr. Weitz's level of experience, some entries reflect significantly more time expended than necessary. *See Espinal v. Victor's Café 52 Street, Inc.,* No. 16 Civ. 8057 (VEC), 2019 WL 5425475, at *5 (S.D.N.Y. Oct. 23, 2019) (reducing reported lodestar by 20% after finding that the total hours "strike the Court as being exaggerated."). For example, Mr. Weitz billed an hour for the simple task of inspecting and photographing the property at issue and 5.2 hours on tasks relating to the case management plan. As such, I recommend reducing the hours billed by 20%. *Abraham v. Leigh*, No. 17 Civ. 5429, 2020 WL 5512718, at *8 (S.D.N.Y. Sept. 14, 2020) (District courts may exercise "discretion to make across-the-board percentage reductions to exclude unreasonable hours[.]"). Based on a 20% reduction I respectfully recommend that the Court reduce Mr. Weitz's hours to 61.44, thereby arriving at a lodestar of $35,328.00.

Under both the ADA and the NYCHRL, Plaintiff, as the prevailing party, is entitled to recover the costs incurred during litigation. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g). To be awarded costs, they must be supported by appropriate documentation. Plaintiff seeks an award of $1,455.10 in costs for the filing fee, service fees, and a transcript fee. Plaintiff has substantiated his costs in the amount of $1,455.10 with contemporaneous documentation showing invoices for the amounts for which he now seeks reimbursement. *See Sanchez v. JYP Foods Inc.*, No. 16 Civ. 4472 (JLC), 2018 WL 4502008, at *17 (S.D.N.Y. Sept. 20, 2018) (noting that adequate substantiation is required for an award of costs); *Raymond James*

*& Assocs., Inc. v. Vanguard Funding, LLC*, No. 17 Civ. 3327 (VSB) (SDA), 2018 WL 8758763, at *6

(S.D.N.Y. Apr. 16, 2018) (same and awarding documented expenses for filing and service of

process fees), *report and recommendation adopted*, No. 17 Civ. 3327 (VSB) (SDA), 2019 WL

2281275 (S.D.N.Y. May 28, 2019).  Accordingly, I respectfully recommend that Plaintiff be

awarded costs in the amount of $1,455.10.

**7.  Interest**

Post-judgment interest is mandatory, even if not affirmatively requested by a party,

pursuant to 28 U.S.C. § 1961.  *See Bleecker v. Zetian Sys*., Inc., No. 12 Civ. 2151(DLC), 2013 WL

5951162, at *2 (S.D.N.Y. Nov. 1, 2013).  I therefore recommend that post-judgment interest be

awarded at the statutory rate calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the motion for default be

GRANTED in part and DENIED in part as to the request for declaratory relief and a finding of a

violation of the ADA, state and local law; DENIED without prejudice as to Plaintiff's request for

compensatory relief; and GRANTED as modified as to attorneys' fees and costs.

Dated: March 13, 2026
      New York, New York

                                      Respectfully submitted,

                                       KATHARINE H. PARKER
                                       United States Magistrate Judge

**NOTICE**

Plaintiff shall have fourteen days and Defendants shall have seventeen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  A party may respond to another party's objections after being served with a copy.  Fed. R. Civ. P.72(b)(2).

Plaintiff shall have fourteen days to serve and file any response.  Defendants shall have seventeen days to serve and file any response.  Any objections and any responses to such objections shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jessica G.L. Clarke at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and served on the other parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Clarke.  The failure to file timely objections shall result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).

22